UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

HOLLY M. ST. JOHN,

      Plaintiff,

   -against-           5:22-CV-1042 (LEK/ATB)

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____

## <u>MEMORANDUM-DECISION AND ORDER</u>

## I.  INTRODUCTION

   This Social Security action comes before the Court following a report and
recommendation filed on September 19, 2023, by the Honorable Andrew T. Baxter, United
States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 22
("Report and Recommendation"). Plaintiff has filed objections, Dkt. No. 23 ("Objection"), and
Defendant has not filed a response. For the reasons that follow, the Court adopts the Report and
Recommendation in its entirety, denies Plaintiff's motion for judgment on the pleadings, Dkt.
No. 14 ("Motion"), and grants Defendant's cross-motion for judgment on the pleadings, Dkt. No.
19.

## II.  BACKGROUND

   The Court assumes familiarity with Judge Baxter's Report and Recommendation and the
factual assertions described therein. R. & R. at 4–7.

   Judge Baxter started his analysis by describing Plaintiff's argument in her Motion.
Plaintiff argues that the Administrative Law Judge ("ALJ") in her case "failed to properly
evaluate the medical opinion" of Dr. Jeanne Shapiro ("Dr. Shapiro"). R. & R. at 7; <u>see also</u> Mot.

at 11–14. Dr. Shapiro is a "consultative examiner" who performed a psychiatric analysis of
Plaintiff. R. & R. at 7. The ALJ reviewed Dr. Shapiro's opinion, but did not find the opinion
"persuasive." Id. at 12. The ALJ found some aspects of Dr. Shapiro's opinion helpful; namely,
that Plaintiff "did not appear to have any limitations understanding, remembering, and applying
simple or complex instructions and directions or using reason and judgment to make work-
related decisions and that the [Plaintiff] had no limitations maintaining personal hygiene and
appropriate attire or being aware of normal hazards and taking appropriate precautions." Id.
(quoting Dkt. No. 11-2 ("ALJ Decision") at 29).

Yet at the same time, the ALJ rejected Dr. Shapiro's findings that Plaintiff "appeared to
have marked limitations interacting adequately with supervisors, coworkers, and the public;
moderate-to-marked limitations sustaining concentration and performing tasks at a consistent
pace; marked limitations sustaining an ordinary routine and regular attendance at work; marked
limitations regulating emotions, controlling behaviors, and maintaining wellbeing." Id. (quoting
ALJ Decision 29). The ALJ rejected this part of Dr. Shapiro's opinion on the basis that it
"seems to have been primarily based on the [Plaintiff's] subjective report of her own functional
limitations, rather than on any clinical findings made by Dr. Shapiro during the [Plaintiff's] one-
time examination." Id. at 13 (quoting ALJ Decision at 30). Judge Baxter notes that in making
this observation, "the ALJ addressed how Dr. Shapiro's opinions are not supported by her own
clinical findings." Id.; see also ALJ Decision at 30 (explaining that Dr. Shapiro's conclusions do
not correspond with her medical findings).

Plaintiff objected to the ALJ's findings on the grounds that "the ALJ's 'omission[] of
[positive objective] findings and over reliance on subjective reports does not provide an adequate
supportability analysis.'" R. & R. at 14 (quoting Mot. at 12–13). Judge Baxter dismissed this

argument for several reasons. First, Judge Baxter explained that Plaintiff objected to "the ALJ's conclusions regarding attention, concentration, and memory skills" because "the ALJ mischaracterized the examination results of Dr. Shapiro because the ALJ further found [P]laintiff's attention and concentration upon exam to be grossly intact." Id. (cleaned-up) (quoting Mot. at 13). Yet Judge Baxter rejected this position, stating that "it is clear that the ALJ took this quote verbatim from Dr. Shapiro's opinion." Id. at 14–15. Second, Judge Baxter emphasized another of Plaintiff's assertions: although Dr. Shapiro specifically found that Plaintiff "was unable to perform simple calculations," the ALJ omitted this "clear or significant objective finding[]." Id. at 15 (citing Mot. at 15). Judge Baxter rejected this argument as well because Dr. Shapiro "ultimately opined, more significantly that plaintiff did not appear to have any limitations understanding, remembering, and applying simple or complex instructions and directions." Id. (cleaned-up). Third, Judge Baxter highlighted Dr. Shapiro's assessment that Plaintiff's "[r]ecent and remote memory skills were impaired probably due to anxiety and nervousness in the evaluation" and that "[P]laintiff had poor insight and fair judgment." Id. (citations and quotations omitted). Judge Baxter noted that while the ALJ "did not discuss these findings when she considered the persuasiveness of Dr. Shapiro's opinion," the ALJ nevertheless "did discuss both findings earlier in the decision." Id. (citing ALJ Decision at 17).

Judge Baxter also emphasized that in reviewing Dr. Shapiro's opinion, "the ALJ noted multiple objective findings including 'tense posture, restless motor behavior, a somewhat restricted affect, a reportedly depressed and anxious mood, impaired recent and remote memory skills, and poor insight.'" Id. (quoting ALJ Decision at 25).

Judge Baxter then went on to distinguish a case Plaintiff presented in her Motion, Navedo v. Kijakazi, 616 F. Supp. 3d 332 (S.D.N.Y. 2022). Id. at 16. Plaintiff cited Navedo to support the

assertion that the ALJ failed to account for Dr. Shapiro's "positive objective findings" and instead relied on "subjective reports." Mot. at 14. Plaintiff continued: "The ALJ's omission of such findings and over reliance on subjective reports does not provide an adequate supportability analysis." Id.; see also Navedo v. Kijakazi, No. 20-CV-10013, 2022 WL 2912986, at *9 (S.D.N.Y. July 25, 2022) (finding error when unclear whether ALJ overlooked providers' findings in own opinions when assessing supportability). Judge Baxter explained that the Navedo citation was unavailing to Plaintiff's point because "in Navedo, the ALJ failed to discuss the findings of three different providers, whereas here [P]laintiff is only challenging one provider." R. & R. at 16 (citing Navedo, 616 F. Supp. at 346). In addition, Judge Baxter noted that "two of the providers in Navedo identified nineteen signs and symptoms to support their assessments, while Dr. Shapiro observed few objective findings. Moreover, the ALJ in this case noted numerous objective findings in earlier sections of the decision." Id. (citations omitted).

Judge Baxter also explained that "the ALJ concluded Dr. Shapiro's opinion was not consistent with the opinions of the state agency consultants, Dr. Fernandez and Dr. Sherer, who both opined [P]laintiff 'retained the ability to meet the basic mental requirements of work.'" Id. According to Judge Baxter, the ALJ was entirely within her prerogative "to rely upon the opinions of non-examining State agency medical consultants" because the consultants are social security disability experts. Id. (citing, inter alia, Baszto v. Astrue, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010)). Plaintiff argued that the opinions of these state agency consultants were stale because they were "only able to review records up to June 28, 2021, the date of reconsideration." Id. at 17 (quoting Mot. at 16). Yet Judge Baxter concluded that medical records available after June 28, 2021 "identified by [P]laintiff" after this date "do not change the picture of [P]laintiff's mental functioning, such that the ALJ could no longer rely on the State agency consultant's

opinion formulating the RFC." Id. (quoting Renalda R. v. Comm'r of Soc. Sec., No. 20-CV-00915, 2021 WL 4458821, at *9 (N.D.N.Y. Sept. 29, 2021)). And, while the records after June 28, 2021, contained no materially new information, the ALJ nevertheless "acknowledged and discussed record evidence that post-dated the state agency consultants' opinions." Id. at 17–18.

Finally, Judge Baxter found that "the mental status examinations observed by various providers supports the ALJ's decision to reject portions of Dr. Shapiro opinion." Id. at 18. These status reports described Plaintiff as "cooperative or pleasant," and found that "her affect/mood has been normal;" that her "judgment, insight, and memory were intact;" and that she "had normal impulse control and attention span." Id.

In concluding, Judge Baxter stated "that the ALJ's consistency analysis with respect to Dr. Shapiro's opinion was supported by substantial evidence." Id. at 19. Accordingly, in Judge Baxter's view, Plaintiff had failed to "show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record," and Judge Baxter thus recommended dismissing Plaintiff's Motion. Id. (quoting Jonathan S. v. Comm'r of Soc. Sec., No. 20-CV-1177, 2022 WL 44700, at *6 (W.D.N.Y. Jan. 5, 2022)).

## III.    LEGAL STANDARD

### A.  Review of the Magistrate's Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A

[district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### B.  Review of the ALJ's Decision

When a court reviews an ALJ's decision, it must determine whether the ALJ applied the correct legal standards and whether his or her decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence amounts to "more than a mere scintilla," and it must reasonably support the decision-maker's conclusion. Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). A court will defer to the ALJ's decision if it is supported by substantial evidence "even if [the court] might justifiably have reached a different result upon a de novo review." Sixberry v. Colvin, No. 12-CV-1231, 2013 WL 5310209, at *3 (N.D.N.Y. Sept. 20, 2013) (quoting Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)). However, a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998).

## IV.   DISCUSSION

Plaintiff objects to Judge Baxter's Report and Recommendation on two grounds. First, Plaintiff argues that "[t]he Court should decline to adopt the Magistrate Judge's conclusion that the ALJ adequately characterized Dr. Shapiro's findings." Obj. at 1. Second, Plaintiff contends that "[t]he Court should decline to adopt the Magistrate Judge's conclusion that the ALJ could avoid the articulation requirements of 20 C.F.R. § 404.1520c(b)(2) by relying on their prior summary of the evidence." Id. at 2. The Court addresses each argument in turn.

**A. ALJ's Characterization of Dr. Shapiro's Conclusions**

Plaintiff argues that the ALJ did not adequately characterize Dr. Shapiro's findings. Obj. at 1. Plaintiff states that Dr. Shapiro's exam not only observed that Plaintiff's "[a]ttention and concentration skills were grossly intact," but that Plaintiff was also "unable to perform simple calculations like 8x3 or serial 7s from 100." Id. (quoting Dkt. No. 11-7 ("Shapiro Report") at 9). Yet according to Plaintiff, the ALJ only considered "conclusions" regarding attention and concentration skills and did not consider "exam results" relating to "Plaintiff's ability to perform simple calculations." Id. Plaintiff further argues that the ALJ's analysis was flawed because the ALJ "inappropriately assumed that the Agency's own physician relied on subjective complaints instead of her objective observation of Plaintiff's inability to perform simple calculations." Id. at 2.

Plaintiff's objection is unavailing. First, Plaintiff's broad argument that the ALJ mischaracterized Dr. Shapiro's findings is without merit. As Judge Baxter correctly noted, see R. & R. at 12–15, the ALJ faithfully reiterated Dr. Shapiro's findings. Compare ALJ Decision at 17–18, 29–30, with Shapiro Report at 7–11. In reviewing the ALJ's decision, this Court cannot find an instance in which the ALJ "mischaracterized" Dr. Shapiro's findings.

Second, Plaintiff strongly emphasizes that the ALJ did not adequately mention Plaintiff's inability to perform certain basic mathematical calculations. See Obj. at 1–2. However, the ALJ is not required to list every aspect of Plaintiff's medical history and explain whether such evidence was relevant or persuasive. See Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) ("Indeed, even if the ALJ was not as explicit in his reasoning on this issue as possible, '[a]n ALJ does not have to state on the record every reason justifying a decision,' nor is an ALJ 'required to discuss every piece of evidence submitted.'" (quoting Brault v. Soc. Sec. Admin.,

Comm'r, 683 F.3d 443, 448 (2d Cir. 2012))); Sinclair v. Saul, No. 18-CV-00656, 2019 WL 3284793, at *6 (D. Conn. July 22, 2019) ("Although the ALJ did not explain every detail of Dr. Kapur's treatment records, it is apparent that she reached her decision based on a thorough review of the record before her." (citing Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983))); Mayfield v. Colvin, No. 13-CV-6443, 2015 WL 5775091, at *15 (E.D.N.Y. Sept. 30, 2015) ("The ALJ stated his basis for according 'considerable weight' to Dr. Georgiou's opinion, and Plaintiff's contention that the ALJ needed to go even further so as to explain every element of Dr. Georgiou's opinion upon which the ALJ relied is not the legal standard and holds no merit."). Here, the ALJ came to a broad conclusion and supported that conclusion with specific examples from Dr. Shapiro's report. See ALJ Decision at 17–18, 29–30. That is more than sufficient under this Circuit's case law.

Third, Plaintiff's position that "the ALJ inappropriately assumed that the Agency's own physician relied on subjective complaints instead of her objective observation of Plaintiff's inability to perform simple calculations" is misplaced. Obj. at 2. Plaintiff cites no reason why the ALJ's description of Dr. Shapiro's report was "inappropriate," see id. at 1–2, and this Court is unable to find case law suggesting that such characterizations are improper. The ALJ concluded that Dr. Shapiro relied on subjective complaints by carefully parsing the evidence and explaining the discrepancies between some of Dr. Shapiro's conclusions and Dr. Shapiro's "clinical findings." See ALJ Decision at 29–30.

The Court therefore finds Plaintiff's first objection without merit and concludes that Judge Baxter correctly determined that the ALJ properly characterized Dr. Shapiro's report.

**B. Articulation Requirements**

Plaintiff's second objection states that Judge Baxter erred in determining that "the ALJ could avoid the articulation requirements of 20 C.F.R. § 404.1520c(b)(2) by relying on their prior summary of the evidence." Obj. at 2. Plaintiff first argues that Judge Baxter's analysis of Navedo, 616 F. Supp. 3d.—which Plaintiff relied on in her original briefing before Judge Baxter, Mot. at 14—was incorrect:

> The Magistrate Judge distinguished Navedo . . . based on the number of opining sources and the number of signs and symptoms. However, these factors do not explain why the ALJ in this case was allowed to rely on a one-sided summary of the evidence in conducting the consistency analysis required by 20 C.F.R. § 404.1502c(b)(2) just because the ALJ mentioned facts elsewhere. Why should the number of opinions affect the ALJ's articulation of evidence, which appears contrary to the ALJ's assessment of the opinion evidence?

Obj. at 2. Plaintiff then emphasizes that "[t]he ALJ should have discussed all relevant evidence, instead of relying on the State Agency consultants whose analysis was flawed and who did not even have access to all the evidence that the ALJ should have considered, specifically articulating consideration of that later evidence." Id.

To begin, Judge Baxter did not conclude that "the ALJ could avoid the articulation requirements of 20 C.F.R. § 404.1520c(b)(2)." Id. This is a mischaracterization of Judge Baxter's findings. Judge Baxter noted that Dr. Shapiro "observed that [P]laintiff's recent and remote memory skills were impaired probably due to anxiety and nervousness in the evaluation" and that "[P]laintiff had poor insight and fair judgment." R. & R. at 15. Judge Baxter then went on to explain that although "the ALJ did not discuss these findings when she considered the persuasiveness of Dr. Shapiro's opinion, the ALJ did discuss both findings earlier in the decision." Id. This, Judge Baxter concluded, was sufficient because case law highlights that an

ALJ's "'explanation must be viewed against the backdrop of the discussion of the treating records that preceded it' and it is 'proper to read the ALJ's decision as a whole' to avoid the 'needless formality to have the ALJ repeat substantially similar factual analyses.'" Id. (quoting Jeanette J. v. Saul, No. 19-CV-0795, 2020 WL 4932047, at *5 (N.D.N.Y. Aug. 24, 2020)). Judge Baxter thus did not find that the ALJ could avoid the articulation requirements of 20 C.F.R. § 404.1520c(b)(2). Rather, Judge Baxter found that the ALJ met those requirements by simply stating certain findings in an earlier portion of the ALJ Decision—a practice that is specifically sanctioned by this Circuit's case law. See id.

Second, the Court struggles to find the relevance of Plaintiff's Navedo point. Judge Baxter did not discuss Navedo in relation to the ALJ's prior summary of the evidence. Rather, Judge Baxter discussed Navedo in the context of Plaintiff's "argument that the ALJ erred by overlooking Dr. Shapiro's positive, objective findings." Id. at 16. Plaintiff's invocation of Navedo in this particular objection thus appears misplaced and without relevance. And even if this were relevant to the instant objection, the Court has reviewed Navedo and concludes that Judge Baxter's analysis and application of the case was correct.

Third, Plaintiff's argument that "[t]he ALJ should have discussed all relevant evidence, instead of relying on the State Agency consultants whose analysis was flawed," Obj. at 2, is also irrelevant to the instant objection. This assertion appears to have no bearing on the instant objection that Judge Baxter erred in relation to the ALJ's prior summary of the evidence. Yet even assuming this position is relevant, the argument is still flawed given this Circuit's case law. As discussed supra in Part IV.A, courts in this Circuit have repeatedly rejected Plaintiff's assertion that an ALJ needs to discuss "all relevant evidence," Obj. at 2. See Bonet, 523 F. App'x at 59; Sinclair, 2019 WL 3284793, at *6; Mayfield, 2015 WL 5775091, at *15.

The Court therefore finds Plaintiff's second objection to be without merit. Because both of Plaintiff's objections fail, the Court holds that Judge Baxter's determination was correct, and thus adopts the Report and Recommendation.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 22) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED**, that Defendant's cross-motion for judgment on the pleadings (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      January 12, 2024
            Albany, New York

LAWRENCE E. KAHN
United States District Judge